UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA MOAYEDI, <br> 1810 Kenyon Street, N.W., <br> Washington D.C. 20010, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER <br> PROTECTION SERVICE, <br> 1300 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20229, <br><br> Defendant. | Civil Case No. 06-1082 (RBW) |

## ANSWER

Defendant, U.S. Customs and Border Protection, hereby answers plaintiff's Complaint, using the same paragraph numeration, as follows:

1. Paragraph one is Plaintiff's characterization of his Complaint, to which no response is required. Defendant notes that the Plaintiff identified in the caption, Sina Moayedi, is not the plaintiff listed in paragraph one of the complaint, Montage, Inc. Defendant's Answer assumes that only the plaintiff named in the caption is the plaintiff in this case. Defendant notes that its official title is not the "U.S. Customs and Border Protection Service," but rather "U.S. Customs and Border Protection."

2. Defendant lacks sufficient information to admit or deny the allegations in the second paragraph of this Complaint, and therefore denies them.

3. Defendant admits the allegations in the third paragraph of this Complaint.

4. Defendant lacks sufficient information to admit or deny Plaintiff's

1

information and belief, but avers that it has possession, custody or control over certain records responsive to Plaintiff's FOIA request.

  5. Paragraph five is Plaintiff's legal conclusion to which no response is required. Defendant avers that this Court has jurisdiction over this action pursuant to the Freedom of Information Action (FOIA) (5 U.S.C. § 552).

  6. Paragraph six is Plaintiff's legal conclusion as to venue to which no response is required. Defendant admits that venue for this matter lies in the District of Columbia.

  7. Defendant lacks sufficient information to admit or deny the allegations in the seventh paragraph of this Complaint, and therefore denies them.

  8. Defendant lacks sufficient information to admit or deny the allegations in the eighth paragraph of this Complaint, and therefore denies them.

  9. Defendant lacks sufficient information to admit or deny the allegations in the ninth paragraph of Plaintiff's complaint as to the purpose of his travels, but avers that Plaintiff sought admission to the United States on November 9, 2004, from Kingston, Jamaca.

  10. Defendant admits that Plaintiff was stopped by U.S. Customs and Border Protection (CBP) personnel on November 9, 2004, but lacks sufficient information to admit or deny all remaining allegations in paragraph ten of Plaintiff's Complaint.

  11. Defendant lacks sufficient information to admit or deny the allegations in paragraph eleven of the Complaint, and therefore denies them.

  12. Defendant lacks sufficient information to admit or deny the allegations in the twelfth paragraph of this Complaint, and therefore denies them

13. Defendant admits the allegations in the thirteenth paragraph of this Complaint.

14. Defendant admits the allegations in the fourteenth paragraph of this Complaint.

15. Defendant admits the allegations in the fifteenth paragraph of this Complaint.

16. Defendant admits that it made no substantive response to Plaintiff's FOIA request prior to August 1, 2006, when a response and 24 pages of documents with redactions were sent to Mr. Stanco, plaintiff's counsel.

17. Defendant lacks sufficient information to admit or deny that plaintiff's attorney wrote such a letter. Defendant avers that the agency's file does not include a copy of Exhibit D.

18. Deny, except to admit that defendant's file does not reflect any response to Exhibit D.

19. To the extent paragraph nineteen of Plaintiff's Complaint contains conclusions of law, not issues of fact, no response is required. To the extent a response is deemed to be required, Defendant admits it did not disclose any records to plaintiff prior to December 20, 2004.

20. Defendant admits the allegations contained in paragraph twenty of the Plaintiff's Complaint to the extent that it did not issue a determination by December 20, 2004 and it did not seek to extend the time for responding to the Plaintiff's request.

21.     Defendant admits that it made no substantive response to Plaintiff's FOIA request prior to August 1, 2006, when a response and 24 pages of documents with redactions were sent to Mr. Stanco.

22.     Paragraph twenty-two of Plaintiff's Complaint contains conclusions of law, not issues of fact, and therefore no response is required. To the extent a response is deemed to be required, defendant admits that plaintiff is deemed to have exhausted his administrative remedies.

23.     Defendant incorporates all of its responses to paragraphs one through twenty-two as though fully set forth herein.

24.     To the extent paragraph twenty-four of Plaintiff's Complaint contains conclusions of law, not issues of fact, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph twenty-four of Plaintiff's Complaint.

25.     To the extent paragraph twenty-five of Plaintiff's Complaint contains conclusions of law, not issues of fact, no response is required. To the extent a response is deemed to be required, Defendant denies the allegations in paragraph twenty-five of Plaintiff's Complaint.

26.     The remainder of Plaintiff's Complaint contains Plaintiff's Requests for Relief, to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to the relief requested.

Any and all allegations against Defendant not heretofore specifically admitted are hereby denied.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970