## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SINA MOAYEDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  06-1082 (RBW)** |
| | ) | |
| **U.S. CUSTOMS AND** | ) | |
| **BORDER PROTECTION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### PLAINTIFF, SINA MOAYEDI'S STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Sina Moayedi, submits this statement of material facts as to which there exists genuine issues in dispute for trial in support of its Opposition to Defendant, U.S. Customs and Border Protection Service's (CBP) Motion for Summary Judgment.

In submitting this Statement, Mr. Moayedi limits his response to those facts which are material and for which there are genuine issues to be litigated.

1.      Did CBP search sources of CBP records in its regional and district offices other than records in TECS? On November 9, 2004, Mr. Moayedi was detained and questioned by U.S. Customs at Miami International Airport upon returning from a business trip  to Jamaica. Moayedi Decl., ¶ 5; Defendant's Exhibit A, Bates No. 0009.

Since then, Mr. Moayedi has been detained in the process of re-entry to the United States by U.S. Customs on the following dates and at the following airports: December 11, 2004, Miami; January 29, 2005, Fort Lauderdale; February 5, 2005, Washington/Dulles; February 19, 2005, Miami; April 3,

2005, Fort Lauderdale; April 7, 2005, Fort Lauderdale; April 16, 2005, Washington/Dulles; May 1, 2005, Charlotte, N.C.; May 7, 2005, Miami; May 12, 2005, Nassau, the Bahamas; May 26, 2005, Washington/Dulles; July 27, 2005, Washington, Dulles; August 2, 2005, Fort Lauderdale; August 14, 2005, Washington/Dulles; October 24, 2005, Washington/ Dulles; December 17, 2005, Atlanta; April 6, 2006, Fort Lauderdale; May 7, 2006, Miami; and May 25, 2006, Fort Lauderdale. Moayedi Decl., ¶ 6; Defendant's Exhibit A.

      2.     Was Mr. Moayedi placed on a "watch list? " Of the eight TECS records that contain a field named  "reason," information in that field is redacted from all but one record.  Defendant's Exhibit A, Record No. 0007, while  information entered under that field in the other seven records is redacted under Exemption (b)(2). However, in Record No. 0007, the "reason" field is not redacted, but rather, shows the entry "TECS LOOKOUT."

      3.     Did the U.S. Department of State, or any other U.S. agency, instruct CBP to enter the notation "TECS LOOKOUT" into Mr. Moayedi's file?  Where is the record or document containing the instruction to enter the notation "TECS LOOKOUT" into Mr. Moayedi's file?

      Respectfully submitted,
SINA MOAYEDI,
By his attorneys:

_____
Eric R. Stanco
(D.C. Bar No. 456896)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822

(202) 331-9705 facsimile