UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA MOAYEDI, ) | |
| ) | Civil Case No. 06-1082 (RBW) |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| U.S. CUSTOMS AND BORDER ) | |
| PROTECTION SERVICE, ) | |
| ) | |
| Defendant. ) | |

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant respectfully submits its reply to plaintiff's opposition to defendant's motion for summary judgment and its opposition to plaintiff's cross-motion for summary judgment.

**CBP'S search was adequate**

Plaintiff contends that CBP's search was not adequate because it did not "include records and files, other than those in TECS, held at the regional or district offices, where one would logically expect to find hard copies and related files responsive to the search terms." Plaintiff's Memorandum of Points and Authorities, Document 10-1 at p. 8.

The agency regulations pertaining to FOIA requests specifically provide:

(d) To whom requests for records should be addressed--

(1) Headquarters. Requests made by mail for records maintained at the Headquarters of the United States Customs Service should be addressed to "Freedom of Information Act Request," U.S. Customs Service, 1300 Pennsylvania Avenue, NW., Washington, DC 20229. Requests may be delivered personally to the Disclosure Law Officer, U.S. Customs Service, Headquarters, Washington, DC.

> (2) Field offices. A person shall request records or information maintained in a field office of the United States Customs Service by either mailing or personally delivering the request to the director of the service port, or if the records concern the Office of Investigations, the special agent in charge, where the field office is located.

19 C.F.R. § 103.5.

Plaintiff's FOIA request, made by his attorney, was addressed to plaintiff's headquarters Office. See Ex. B. Additionally, plaintiff did not request a search of records maintained by any regional or field offices. *Id.* Therefore, there was no requirement that searches be conducted other than at the headquarters office. *See Maydak v. U.S. Dept. of Justice,* 254 F.Supp.2d 23, 44-45 (D.D.C.2003):

> Under the FOIA, "federal jurisdiction" is dependent upon a showing that an agency has (1) "improperly" (2) "withheld" (3) "agency records.". . . An improper withholding may arise from an agency's failure to conduct an adequate search, which "is 'dependant upon the circumstances of the case.' " * * * The circumstances here cannot support a conclusion of an improper withholding. The FOIA obligates an agency to process a request that, among other things, "is made in accordance with published [agency] rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FBI regulations require FOIA requesters seeking records from field offices to write directly to the respective field office. And, the FBI informed plaintiff of that fact. It had no statutory obligation to proceed with a search of all of its field offices, and the Court cannot compel such a search where, as here, the record lacks any evidence of agency bad faith.

*Id.* (Internal citations omitted); *Church of Scientology of California v. I.R.S.*, 792 F.2d 146, 150 (D.C.Cir.1986) ("FOIA requires agencies to make records available in response to any request "made in accordance with published rules . . . .").

Therefore, CBP's search was adequate.

**CBP properly applied Exemption (b)(2)**

Plaintiff contends that CBP improperly applied Exemption (b)(2). Document 10-1 at p.

2

9-12.  Plaintiff reasons that since one document, Record Number 0007, contained unredacted information which plaintiff deems responsive to its request, that other redacted information does not fall within the exemption.  This is sheer unsupported speculation and does not overcome the presumption of good faith to which agency affidavits are entitled.  *Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 812 (2nd Cir. 1994)(Affidavits submitted by an agency are "accorded a presumption of good faith," *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991)).

> Ms. Pullo's Declaration states, concerning high 2 information:
>
> This "high 2" information, in addition to the internal computer information mentioned above, consists of such things as the administrative procedures in regard to the operational responsibilities discussed and assigned to CBP personnel, how information was handled in an operational context by CBP enforcement officers.  Disclosure of this information to the public would reveal procedures, guidelines and techniques utilized by the agency in an operational environment, thereby benefitting those attempting to violate the law and avoid detection.  Public awareness of specific operational information would aid those who seek to circumvent CBP operations and thus harm the agency's effective conduct of its mission.

Pullo Dec. at ¶ 19.  This is an adequate explanation of CBP's position regarding the exemption. The plaintiff's mere disagreement with CBP's reasoned conclusion is insufficient to challenge the affidavit.  *See Coastal Delivery Corp. v. U.S. Customs Service,* 272 F.Supp.2d 958, 962 (C.D.Cal.2003) ("Disagreeing with the conclusion is not a reason to challenge the Vaughn Index"); *see also National Archives and Records Admin. v. Favish,* 541 U.S. 157, 174 (2004)(In Exemption 7(C) context, requiring  "a meaningful evidentiary showing" of governmental misconduct to overcome the privacy  exemption, and noting "It must be remembered that once there is disclosure, the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out

3

his theory, or for proscribing its general dissemination."").

### Blank screens were not improperly withheld

Plaintiff also contends that CBP improperly withheld copies of two blank screens and failed to cite exemptions for withholding the documents. Document 10-1 at p.12-13.

Bates 0001 indicates at the top center of the page that it is "1 of 3". On the bottom right of Bates 0001 is the statement that "subsequent screens are blank." The remaining two pages of this record were not provided in the documents released to Plaintiff because they only contained the data fields for potential information, and did not contain any information that corresponded to those data fields. These two pages were therefore deemed to contain no information that was responsive to Plaintiff's FOIA request. Supplemental Pullo Declaration filed with this memorandum.

Thus, the two pages are not responsive to plaintiff's FOIA request, since there is no information inserted on the blank forms.

### There are no material facts in dispute

Plaintiff has submitted an alleged statement of genuine issues of material fact. Document 10-3. However, plaintiff has not set forth any facts which are in dispute.

Number 1 states "Did CBP search sources of CBP records in its regional and district offices other than records in TECS?" and then lists places and dates where plaintiff was detained and questioned. There are no disputed facts. CBP did not undertake searches in its regional and district offices because it was not required to, as is discussed above. Defendant does not dispute the other information in paragraph 1.

Number 2, first sentence is a question, not a fact. The remaining sentences are not

disputed by defendant.

Number 3, both paragraphs are questions, not facts.

Therefore, plaintiff has failed to establish any material facts in dispute.

**Conclusion**

The defendant met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact. CBP is entitled to judgment as a matter of law, and summary judgment should be granted to CBP. Plaintiff's cross-motion for summary judgment should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970